Maribello Unemployment Compensation Case.

Argued December 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Wm. Vincent Mullin,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Raymond Kleiman,* Deputy Attorney General, and *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., March 20, 1963:

In this unemployment compensation case the Bureau of Employment Security, the Referee, and the Unemployment Compensation Board of Review, found that the claimant was disqualified for benefits under §402-(a) of the Unemployment Compensation Law, 43 PS §802(a) in that he failed to accept a referral to suitable work.

The claimant, Pasquale Maribello, was last employed by A. E. Goldstein, Philadelphia, Pennsylvania, as an assistant manager and gas attendant on August 11, 1961.. He had been so employed for approximately two and a half years and was paid a wage rate of $70 weekly.

On November 21, 1961, he was offered a referral to Pullman's Sunoco Station, Philadelphia, as a gas attendant, at a wage rate of $60 to $70 per week. It was found as a fact that the referral was within his capacities and prior experience and paid the prevailing wage rate. At the job interview he indicated he was awaiting recall from his former employer and intended to return so that the employer was discouraged from giving him a job. The claimant had no knowledge of any date of recall. He also indicated at the interview that he wouldn't like to wear the required uniform for the job.

He had been unemployed for more than three months and this discussion with the prospective employer resulted in his failure to secure the position. As we said in *Trabold Unemployment Compensation Case,* 191 Pa. Superior Ct. 485, at p. 487, 159 A. 2d 272 (1960), where the facts were strikingly similar to those in the instant case: "He had no knowledge as to when this recall might take place and he was already unemployed since November. Under these circumstances we do not believe that this claimant had a valid reason for refusing the referral and that his discussion with the prospective employer, that resulted in the denial of work, negatived his good faith in seeking a position."

Good faith means not only the merely negative virtue of freedom from fraud but requires positive conduct which is consistent with a genuine desire to work and be self-supporting. *Nygren Unemployment Compensation Case,* 184 Pa. Superior Ct. 138, 132 A. 2d 727 (1957).

We also pointed out in *Trabold Unemployment Compensation Case,* supra, that ". . . limiting his willingness to work only to a recall by his former employer so restricted his employability as to render him unavailable and detach him from the labor market, so making him ineligible for benefits under Section 401(d) of the Unemployment Compensation Law, 43 PS §801-(d)."

Decision affirmed.