Thomas W. Paisley, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued January 10, 1974, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Howard M. Holmes,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, February 20, 1974:

Thomas W. Paisley (claimant) was receiving unemployment compensation when he was referred to a possible job paying $2.00 an hour.[1] At his job interview, the claimant informed the prospective employer that he would be recalled to his old job at an indefinite time in the future and that, when so recalled, he would return to that job. Because of this statement, he was not hired, and further benefits were thereafter denied him by the Bureau of Employment Security (Bureau).

Following a hearing on the claimant's appeal, the referee upheld the Bureau's ruling on the basis that the claimant had disqualified himself for further benefits under Section 402(a) of the Unemployment Compensation Law[2] by unreasonably discouraging an offer of work. The Unemployment Compensation Board of Review (Board) later affirmed the referee's order.

The law on this matter is clear that a claimant cannot attach such conditions to his acceptance of work as to render himself unavailable for suitable work. "A claimant is required at all times to be ready, able, and willing to accept suitable employment, temporary or full time. . . . But one may render himself unavailable for work by conditions and limitations as to employment. Willingness to be employed conditionally does not necessarily meet the test of availability. The determination of availability is largely a question of fact for the Board." *Pinto Unemployment Compensation Case,* 168 Pa. Superior Ct. 540, 542, 79 A. 2d 802, 803 (1951). The statement by a claimant to a prospective employer

---

[1] His previous employment had lasted approximately one month and his rate of pay had been $3.00 an hour.

[2] Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §802(a).

that he expects to be recalled to his former job at an indefinite time in the future and that he intends to return when recalled limits the claimant's availability for work so as to render him ineligible for benefits. *Maribello Unemployment Compensation Case,* 200 Pa. Superior Ct. 330, 188 A. 2d 861 (1963); *Gavlick Unemployment Compensation Case,* 197 Pa. Superior Ct. 621, 179 A. 2d 926 (1962); *Pinto, supra.*

At the hearing before the referee, the claimant testified as follows: "Q. All right, what happened at the interview with the employer? A. I filled out an application and he looked at the application and he says, he asked me if, when would it be possible for me to start, so I—I told him about my old job. That it was $3.00 an hour and that I would be called back to my old job, that I would go back. And then he said, I wouldn't want to hire you under those situations."

It is understandable if any employee takes a better job when it is offered him, but here the claimant has presented the prospective employer with a condition for employment, that he will leave this job when recalled by his old employer, which is clearly unacceptable. The Board did not err in holding that the claimant had not made himself available for work as mandated by the Unemployment Compensation Law.

We find all of the claimant's arguments to be without merit, including the allegation that the ruling of the Board served to deprive the claimant of his constituitonal right to freedom of speech. Clearly the claimant was deprived of benefits because of his failure to make himself available for suitable work. Such a restriction on claimants is permissible, and whether such non-availability is shown by his speech, his actions or in any other appropriate manner is immaterial.

For the above reasons, therefore, we issue the following

430

## ORDER

Now, February 20, 1974, the order of the Unemployment Compensation Board of Review denying benefits to Thomas W. Paisley is hereby affirmed.