William J. Knox, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Submitted on briefs December 6, 1973 to Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Richard S. Hoffman,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, March 7, 1974:

This is an appeal by William J. Knox, Jr. (Knox) from an order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's denial of benefits to Knox.

Knox had been employed by H. K. Porter Company (Porter) for 17 years when he was laid off due to the permanent closing of the plant in which he worked. Knox applied for and received unemployment compensation for approximately two and one-half months. His unemployment compensation was terminated after the following incident. Knox was given a job referral by the local office of the Bureau of Employment Security. The job referral was for a position similar to his former employment with Porter and paid approximately the same wage. Knox accepted the referral and reported to the personnel office of the prospective employer for an interview. During the interview, Knox mentioned that he might be recalled by the successor to Porter's plant and that he would return to work there if recalled. As a result, he was not hired.

Section 402(a) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §802(a), is the applicable controlling statutory provision. It reads: "An employe shall be ineligible for compensation for any week—(a) in which his unemployment is due to failure, *without good cause,* either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment office or by any employer, irrespective of whether or not such work is in 'employment' as defined in this act: Provided, That such employer notifies the employment office of such

offer within three (3) days after the making thereof."
(Emphasis added.) The words "good cause" found in
Section 402(a) have been interpreted to be synonymous
with "good faith." *See Brilhart Unemployment Com-
pensation Case,* 159 Pa. Superior Ct. 567, 49 A. 2d 260
(1946). In his brief, Knox concedes that conduct
which discourages a prospective employer from em-
ploying a claimant evidences a lack of good faith and
constitutes proper grounds for denying benefits under
Section 402(a). He urges, however, that such con-
duct must indicate that the claimant would be irre-
sponsible, lackadaisical or unreliable, whereas he mere-
ly was being honest. While we sympathize with Knox,
we cannot agree.

In *Paisley v. Commonwealth of Pennsylvania, Un-
employment Compensation Board of Review,* 12 Pa.
Commonwealth Ct. 427, 428, 315 A. 2d 908, 908-909
(1974), we stated: "The law on this matter is clear that
a claimant cannot attach such conditions to his accept-
ance of work as to render himself unavailable for suit-
able work. 'A claimant is required at all times to be
ready, able, and willing to accept suitable employment,
temporary or full time. . . . But one may render him-
self unavailable for work by conditions and limita-
tions as to employment. Willingness to be employed
conditionally does not necessarily meet the test of
availability. The determination of availability is
largely a question of fact for the Board.' Pinto Unem-
ployment Compensation Case, 168 Pa. Superior Ct.
540, 542, 79 A. 2d 802, 803 (1951). The statement by a
claimant to a prospective employer that he expects to
be recalled to his former job at an indefinite time in
the future and that he intends to return when recalled
limits the claimant's availability for work so as to ren-
der him ineligible for benefits. Maribello Unemploy-
ment Compensation Case, 200 Pa. Superior Ct. 330,
188 A. 2d 861 (1963); Gavlick Unemployment Com-

pensation Case, 197 Pa. Superior Ct. 621, 179 A. 2d 926 (1962). . . ."

Knox's desire to protect his 17 years of seniority is understandable, but, nonetheless, he presented the prospective employer with an unacceptable condition of employment.

Our scope of review in unemployment cases is limited, absent fraud, to questions of law and whether or not the findings of the Board are supported by the evidence. The Board's findings in this case are supported by the evidence and we find no error of law. Therefore we

ORDER

AND Now, this 7th day of March, 1974, the order of the Unemployment Compensation Board of Review denying benefits to William J. Knox, Jr., is hereby affirmed.