John J. Barry, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued December 6, 1974, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Frank J. DeSanto,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, December 24, 1974:

In this unemployment compensation case, the appellant has been declared to be ineligible to receive benefits under Section 402(a) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §802(a), by the Bureau of Employment Security, by the referee, and by the Unemployment Compensation Board of Review. We must affirm.

As expressed in the able brief submitted on behalf of the appellant, "the pivotal question on this appeal is whether or not appellant exhibited good faith during his interview with the referral employer." Appellant had been employed for 29-1/2 years by an employer which closed its plant. He had been unemployed for approximately three months, properly drawing benefits, when he was referred for a job interview. According to his signed statement to the Bureau, identified and acknowledged by him in his testimony before the referee, "I told the personnel manager that I had been with Capitol Records a total of 29-1/2 years and I heard the record mill was going to reopen in about a month and I certainly would go back there." Such a statement volunteered at the job interview, which, as appellant acknowledges here and the referee found as a fact, resulted in the referral employer declining

to offer employment to appellant, under the provision of Section 402(a), clearly disqualifies him from benefits.

Two very recent opinions of this Court, one by Judge KRAMER in *Knox v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 200, 315 A. 2d 915 (1974), and one by Judge BLATT in *Paisley v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 427, 315 A. 2d 908 (1974), have carefully reviewed the law as it applies to this situation. In *Knox,* the employee, after 17 years' service, had been terminated and had been unemployed for 2-1/2 months; he volunteered at a referral interview that he might be called back to his former employer and, if recalled, would return. We affirmed the Board's decision to deny benefits. Again, in *Paisley,* the unemployed claimant, in the referral interview, volunteered a similar statement and we again affirmed the Board's denial of benefits. "The statement by a claimant to a prospective employer that he expects to be recalled to his former job at an indefinite time in the future and that he intends to return when recalled limits the claimant's availability for work so as to render him ineligible for benefits." *Paisley, supra,* 12 Pa. Commonwealth Ct. at 428-29, 315 A. 2d at 908-09.

This Court has not as yet passed on a case where the claimant made a statement similar to the instant one in an honest response to a question from the prospective referral employer rather than volunteered the unsolicited statement as was done here.

Accordingly, we enter the following

### ORDER

Now, December 24, 1974, the order of the Unemployment Compensation Board of Review, dated January 21, 1974, disallowing the appeal in the above matter, is affirmed.