George M. Popelas, Appellant, *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee.

Argued March 6, 1975, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Richard K. Brandt*, for appellant.

*Daniel R. Schuckers*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, March 21, 1975:

Appellant has been declared ineligible to receive unemployment compensation by the Bureau of Employment Security, by the referee, and by the Board of Review. The ineligibility is declared pursuant to the provisions of Section 401 (d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended*, 43 P. S. §801 (d) (Supp. 1974-1975), i.e., he failed to meet the availibility-for-work requirement. We must affirm.

Appellant was a full-time college student in the last semester of his college career. His last employment was

as a maintenance man—a job hardly suited to his ability but taken by him because, as he testified: "This is the thing that was getting me through college." Commendable as it no doubt is, not only to society but to his own intelligent self-interest, appellant's primary goal has been to acquire a college education. The record shows beyond question that appellant considered and indeed declared his occupation to be "student at college." Although he could complete the requirements for his college degree by obtaining one credit, he signed up and paid $385.00 for a full-time last semester of 21 credits, requiring his presence at school approximately 48 hours a week. The summary of interview indicates that he was not permitted to change his hours of attendance at college. This alone is the fundamental distinction between this case and *Wiley Unemployment Compensation Case*, 195 Pa. Superior Ct. 256, 259, 171 A.2d 810, 812 (1961). In *Wiley*, Judge WOODSIDE, in a concurring opinion, stated:

"I believe that under the Unemployment Compensation statute, this Court must continue to refuse benefits to full-time students who have been 'working their way through college'."

Judge WRIGHT, speaking for the majority, put it another way:

"... a claimant 'should not be penalized merely because he has the commendable desire, in keeping with the great American tradition, to further his education by attending classes during hours which do not interfere with his job'." *Wiley, supra,* 195 Pa. Superior Ct. at 259, 171 A.2d at 812.

We have followed these guidelines in all our decisions involving applications for unemployment compensation benefits by applicants who were attending college. See Judge MENCER's recent opinion in *Graham v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 445, 322 A.2d 807 (1974).

A review of the entire record can leave no doubt that this appellant's primary goal was to obtain a college edu-

cation rather than his primary goal being to be in the labor market.

"The purpose of the Unemployment Compensation Law was to relieve the economic hardships of sudden unemployment and provide temporary assistance in meeting, in part, the continuing economic burdens which go on regardless of unemployment. The legislature never intended to subsidize the expenses of education by making available the funds created under the Unemployment Compensation Law." *Majoris Unemployment Compensation Case,* 192 Pa. Superior Ct. 269, 271, 162 A.2d 86, 87 (1960).

Appellant would have us declare this well-reasoned, well-established and currently applied doctrine to have been overruled and set aside by our decision in *Hunt v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 577, 302 A.2d 866 (1973). Such is not the case. *Hunt* deals with the applicant who is a working man or woman and in the instant case, we are not dealing with a working man or woman but with a college student.

Finally, appellant would have us remand the case for a rehearing so that appellant, now represented by able counsel, could "correct" the record, not alone by adding additional evidence, but by in fact contradicting previous evidence given by appellant. Appellant is not an illiterate or a poorly educated working man. At the time of his hearing, he was one credit short of a college degree with a major in biology-pre-medicine! There is no duty on a referee to ask questions of an appellant under these circumstances to elicit information which would be contrary to the general framework of his previous testimony merely to create a case, accurate or inaccurate, to form the basis for awarding compensation justified or unjustified.

Accordingly, we enter the following

## ORDER

Now, March 21, 1975, the order of the Unemployment Compensation Board of Review, denying the claim of George M. Popelas for unemployment compensation benefits, is hereby affirmed.