Unemployment Compensation Board of Review of The Commonwealth of Pennsylvania *v.* Nancy D. Henninger, Appellant.

Argued June 6, 1975, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Joseph J. Velitsky,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, August 6, 1975:

Nancy D. Henninger (claimant) was last employed on the *second shift* by Wagner Electric Corporation, Weatherly, Pennsylvania (Wagner), and her last day of work was December 21, 1973. Claimant filed for unemployment compensation benefits on April 21, 1974, and she thereafter received benefits. On May 6, 1974, the claimant received from Wagner an offer of recall to work on the *first shift.* Claimant rejected this offer because of transportation problems. She testified that she could not secure public or private transportation to Weatherly, located 20 miles from her home, for the first shift but could secure needed transportation for second-shift employment.

On July 31, 1974, the Unemployment Compensation referee denied unemployment compensation benefits to the claimant, under the provisions of Section 401 (d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §801 (d) (Supp. 1974-75), which provides in pertinent part:

"Compensation shall be payable to any employe who is or becomes unemployed, and who—

. . . .

"(d) Is able to work and available for suitable work. . . ."

The Unemployment Compensation Board of Review (Board) adopted the referee's determination that "since

the claimant was "available only for evening work." The and is only available for work on the second shift, she cannot be considered currently and realistically attached to the labor market, and accordingly, she does not meet the requirements of Section 401 (d) of the Law."

An analysis of this language and reasoning reveals that our holding in *Hunt v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 577, 302 A. 2d 866 (1973), was not properly considered. In *Hunt*, the claimant was "available only for evening work." The Board denied benefits under Section 401 (d), and this Court, following *Quiggle Unemployment Compensation Case*, 172 Pa. Superior Ct. 430, 94 A. 2d 367 (1953), remanded to the Board for a determination of whether or not there was an existing labor market for claimant's services and a reasonable opportunity for securing such work in the vicinity in which she lived. *Hunt* controls here, and we likewise remand to the Board for a determination of whether or not there is an existing labor market for the instant claimant's services and for a determination of whether or not there exists a reasonable opportunity for claimant to secure such work in the vicinity in which she lives. *See Shay Unemployment Compensation Case*, 177 Pa. Superior Ct. 294, 111 A. 2d 174 (1955).

### ORDER

AND Now, this 6th day of August, 1975, the record is remanded to the Unemployment Compensation Board of Review for further proceedings consistent with this opinion.