Mark A. Korol, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 2, 1978, before Judges CRUMLISH, JR., ROGERS and DISALLE, sitting as a panel of three.

*Arlene F. Boop,* for appellant.

*Michael Klein,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE DISALLE, May 2, 1978:

This is a petition for review by Mark A. Korol (Claimant) from an order of the Unemployment Compensation Board of Review (Board), dated January 3, 1977, which sustained a referee's determination that Claimant had been properly discharged for wilful misconduct under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802 (e), and was, therefore, ineligible for benefits.

Prior to his discharge on August 18, 1977, Claimant was employed by Pittsburgh National Bank as a currency breakdown teller in a supervisory capacity. On July 20, 1976, a cash shortage of approximately $492.00 was discovered in the monies under Claimant's control and on July 30, 1976, in accordance with the customary policy in such cases, he was placed on temporary leave with pay status. A meeting between bank officials and Claimant was held on August 9, 1976, at which time he was requested to supply an explanation regarding the cash shortage and deposits made in his checkings and saving accounts. However, at no time was Claimant accused of being personally responsible for the cash shortage. At the meeting, Claimant's explanation pertaining to the deposits in his bank accounts was vague and he stated he would get more detailed records in a day or two. Claimant failed to report back to the bank and, after repeated unsuccessful attempts by bank officials to telephone Claimant, the bank mailed him a certified letter dated August 13, 1976, requesting that he contact them within twenty-four (24) hours, and that failure to do so would result in his termination. Claimant received the letter on August 16, 1976. When he had not contacted the bank by August 18, 1976, he was terminated for failure to cooperate.

Wilful misconduct has been repeatedly defined by this Court as the wilful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has a right to expect of his employes, or negligence which manifests culpability, wrongful intent, or evil design which shows an intentional and substantial disregard of the employer's interests or the employe's duties and obligations to the employer. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Common-

wealth Ct. 90, 309 A.2d 165 (1973). Where the record supports a finding that an employe failed to follow instructions of his employer, we must affirm the determination of wilful misconduct. *Horn v. Unemployment Compensation Board of Review*, 26 Pa. Commonwealth Ct. 566, 364 A.2d 991 (1976).

Claimant argues that there was only one incident that led to his termination: his failure to contact the bank within twenty-four hours after receipt of its letter, and that since this was but a single dereliction of a minor, casual, or insignificant nature, his actions did not constitute wilful misconduct. *See Loder v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 484, 296 A.2d 297 (1972). The fallacy of this argument is two-fold. First, there was more than one incident of failure to cooperate. Claimant failed to report to his employer within two days of the August 9, 1976, meeting. He also failed to properly respond to the August 13, 1976, letter. Second, the failure to communicate with the bank was not minor nor insignificant. The inquiry over the shortage of funds concerned a matter of a serious nature. The resolution of this matter was of major concern to the bank. Several meetings had already been held regarding this incident. In light of this, Claimant's disregard of the bank's requests rose to the level of wilful misconduct.

Claimant next contends that the Board failed to make a finding on his proffered justification for not contacting the bank. We have held that without definite findings vital to a claim, review by this Court is impossible. *Sturniolo v. Unemployment Compensation Board of Review*, 19 Pa. Commonwealth Ct. 475, 338 A.2d 794 (1975) ; *Hunt v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 577, 302 A.2d 866 (1973). However, the justifications advanced by Claimant that he needed more time to docu-

ment his explanation concerning his checkings and saving accounts and to retain counsel were not vital to his claim. The Board found that no communication was made by Claimant with the bank after August 9, 1976. It would not have been unreasonable, if Claimant required more time, to have notified his employer to that effect. The blatant failure to do so was the basis for the determination that his behavior constituted wilful misconduct so as to warrant the denial of his application for benefits.

A review of the record leads us to conclude that Claimant's failure to cooperate constituted wilful misconduct. The Board's findings of fact are sufficient, consistent with the conclusions of law, and are supported by substantial evidence. Accordingly, we affirm.

### ORDER

AND Now, this 2nd day of May, 1978, the decision of the Unemployment Compensation Board of Review, denying benefits to Mark A. Korol, is hereby affirmed.