Linda Ann Tokar, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

242

Argued March 2, 1978, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*David A. McVey,* with him *Stevens, Clark, Laubach & Semple,* for petitioner.

*Susan Shinkman,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, May 8, 1978:

Linda Ann Tokar (claimant) appeals from a decision of a referee and the Unemployment Compensation Board of Review (Board) that she is unavailable for suitable work within the meaning of Section 401 (d) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d), and therefore ineligible for unemployment compensation benefits. The referee and the Board believed that a claimant who is on a leave of absence must automatically be deemed unavailable for suitable work.[1] We remand for factual determinations as to (1) whether or not claimant left work voluntarily or involuntarily and (2) whether or not there was a reasonable opportunity for claimant to secure some substantial type of work despite the limitations on her availability.

Claimant was employed as a home economics teacher by the Northgate School District. Her last day of work was February 10, 1976. Her application for unemployment compensation was denied by the Bureau of Employment Security, and she appealed to a referee. A hearing was held at which only the claimant testified. The referee denied benefits, and the Board disallowed a further appeal. Claimant's petition for review in this Court followed.

Claimant's testimony before the referee may be summarized as follows: Claimant lives with her three sisters, one of whom, Sylvia, is blind and suffers from a malignant brain tumor. In the last week of January, Sylvia's condition deteriorated suddenly, requiring her immediate hospitalization. At that time,

---

[1] "A leave of absence has been defined as 'a temporary absence from duty with intention to return during which time remuneration is suspended.' Black's Law Dictionary, 1036 (rev. 4th ed. 1968)." *Dingel v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 484, 488, 322 A.2d 731, 733 (1974).

claimant's supervisor, the principal of the high school, told claimant she could take as much time off work as needed to see her sister through the crisis. Sylvia was hospitalized for a week, during which time claimant did not report to work at all. She returned to work on Monday, February 2, 1976, but was unexpectedly called away in the afternoon by another emergency concerning Sylvia. Claimant was unable to return to work that week due to a severe cold for which she consulted a physician. When she returned to work on February 10, 1976, the principal indicated that he had discussed her situation with the superintendent and that they felt that claimant's family situation was too unstable to allow her to work a normal schedule. The principal told the claimant that she would have to take an indefinite leave of absence or he would have to request her resignation. Claimant then met with the superintendent who agreed with the principal and rejected claimant's counterproposal of a 1-month leave of absence. Rather than lose her job completely, claimant agreed to take an indefinite leave until her domestic problems were settled. She subsequently applied for full-time and part-time employment with several employers in the area and eventually secured part-time employment as a clerk-typist.[2]

_____

[2] To be eligible for compensation, a claimant must of course be "unemployed" within the meaning of the first sentence of Section 401 of the Act, 43 P.S. §801. It has not been argued in this case that claimant was not "unemployed" within the meaning of the Act. The term is defined in Section 4(u), 43 P.S. §753(u), as follows:

   (u) 'Unemployed.'

   An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him, or (II) with respect to any week of less

Based on this testimony, the referee made the following findings of fact which were, in effect, affirmed by the Board when it disallowed claimant's appeal:

1. The claimant was last employed by the Northgate School District for approximately one year as a teacher at an annual salary of $9,450.

2. The claimant was granted an indefinite leave of absence in order to provide care for a younger sister who is seriously ill.

3. Since the claimant is on a leave of absence from her regular employment, she cannot be considered able and available for suitable work.

A leave of absence is ordinarily voluntary in nature, and a claimant who voluntarily leaves work because of "marital, filial or other domestic circumstances" is ineligible for benefits by virtue of Section 402(b)(2) of the Act, 43 P.S. §802(b)(2). Therefore, if claimant had voluntarily requested a leave of absence to care for her sister, she would have been ineligible for benefits, regardless of her availability for other work. *See Crumbling v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 546, 322 A.2d 746 (1974). However, this was not the basis upon which the claimant was denied benefits. Indeed, claimant's testimony, which was the only non-hearsay evidence before the referee, indicated that she had intended to try to work a normal schedule despite her domestic problems but that her superiors did not give her that option. Although the referee's second finding of fact may imply that claimant voluntarily requested a leave of absence, we will not assume

than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.

Claimant would appear to fall within this definition.

that the uncontradicted testimony of an apparently credible witness was disregarded, absent an express finding on the issue.[3]

Assuming that claimant was involuntarily separated from her employment, she would still be ineligible for benefits unless she were "available for suitable work" as required by Section 401(d) of the Act. It was on this basis that benefits were denied to the claimant.

The basic purpose of the statutory requirement of availability 'is to establish that a claimant is actually and currently attached to the labor force.' . . . It is clear that a claimant is attached to the labor force so long as he is able to do some type of work and there is a reasonable opportunity for securing such work in the vicinity in which he lives. (Citations omitted.)

*Quiggle Unemployment Compensation Case,* 172 Pa. Superior Ct. 430, 435, 94 A.2d 367, 370 (1953). This restatement of the statutory requirement has been approved on numerous occasions by this Court. *See, e.g., Unemployment Compensation Board of Review v. Wilson,* 24 Pa. Commonwealth Ct. 21, 23-24, 354 A.2d 260, 261 (1976); *Unemployment Compensation Board of Review v. Patsy,* 21 Pa. Commonwealth Ct. 341, 344, 345 A.2d 785, 786-87 (1975); *Myers v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 281, 283-84, 330 A.2d 886, 888 (1975); *Hunt v. Unemployment Compensation Board*

---

[3] This is particularly true since the referee apparently deemed the resolution of the issue to be unnecessary in light of his denial of benefits under Section 401(d) (availability for suitable work). Upon remand, the Board may, in its discretion, take additional testimony concerning the voluntary or involuntary nature of claimant's leave of absence. Of course, if the Board resolves this issue against the claimant, further consideration of claimant's availability under Section 401(d) would be unnecessary.

*of Review,* 8 Pa. Commonwealth Ct. 577, 582-83, 302 A.2d 866, 869 (1973). Whether or not a claimant is able to do some type of work, and whether or not a reasonable opportunity for securing such work exists, are usually questions of fact for the Board. *See, e.g., Goodwin v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 285, 378 A.2d 1308 (1977); *Myers v. Unemployment Compensation Board of Review, supra; Shay Unemployment Compensation Case,* 177 Pa. Superior Ct. 294, 111 A.2d 174 (1955).

Here, neither the Board nor the referee made any findings on these factual questions. Although the referee's third finding of fact purports to address the availability issue, it is clear that he felt the claimant's leave-of-absence status, in and of itself, was determinative. Hence, we are here being asked to conclude that any claimant who is on a leave of absence is unavailable for suitable work as a matter of law. This we cannot do.

Since claimant here chose to take a leave of absence rather than resign, she has indicated a present intention to return to her former employment when able to do so. Thus, she has, in effect, limited her availability to temporary, as opposed to permanent, employment.[4] It has long been recognized that a claim-

---

[4] In *Myers, supra,* we quoted, with approval, the following portion of the Superior Court's decision in *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 561, 45 A.2d 898, 905 (1946):

'Nor does our statute . . . require that the employe shall be available for full-time work, or for permanent, as distinguished from temporary, employment. So long as the claimant is ready, willing and able to accept some substantial and suitable work he has met the statutory requirements. . . . It is sufficient if he is able to do some type of work, and there is a reasonable opportunity for securing such work in the vicinity in which he lives.'

17 Pa. Commonwealth Ct. at 284. 330 A.2d at 888.

ant may impose such conditions or limitations on his availability for employment as to render himself unavailable for suitable work and hence ineligible for benefits. *See, e.g., Pinto Unemployment Compensation Case,* 168 Pa. Superior Ct. 540, 79 A.2d 802 (1951). It is also well established, however, that one may impose conditions or limitations as to employment and still be "available" within the meaning of Section 401(d). *See, e.g., Goodwin, supra; Hunt, supra; Shay, supra.* Discussing a claimant who had limited herself to part-time employment in *Myers, supra,* we noted that "the bare existence of a self-imposed limitation on availability for work is not, of it-

---

*Sturdevant* involved a claimant on a 30-day leave of absence who was available for work elsewhere for that period only. Benefits were nevertheless granted. *See also Golubski Unemployment Compensation Case,* 171 Pa. Superior Ct. 634, 91 A.2d 315 (1952) (fact that claimants desired to return to work with former employer did not render them unavailable for suitable work).

In 1955, a second sentence was added to the definition of "unemployed" in Section 4(u) of the Act by the Act of March 30, 1955, P.L. 6, which sentence provides as follows: "Notwithstanding any other provisions of this act, an employe who is unemployed during a plant shutdown *for vacation purposes* should not be deemed ineligible for compensation *merely* by reason of the fact that he or his collective bargaining agents agreed to the vacation." (Emphasis added.) As our Supreme Court has noted, such an employee is not automatically deemed "available for suitable work" by virtue of the 1955 amendment, and his eligibility may still be challenged on the basis of Section 401(d). *Piestrak Unemployment Compensation Case,* 404 Pa. 527, 533, 535-36, 172 A.2d 807, 810, 811 (1961). Employees who are on vacation without pay while their plant is shut down are clearly available only for temporary employment, yet the 1955 amendment seems to indicate that the legislature believed that at least some of these employees should be eligible for benefits. *See also United States Steel Corp. v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 206, 303 A.2d 852 (1973) (benefits granted to employees on indefinite layoff with no question raised as to their availability for suitable work).

self, sufficient to support a denial of benefits. The real inquiry . . . is whether the claimant's self-imposed limitations effectively removed her from the labor market." 17 Pa. Commonwealth Ct. at 284, 330 A.2d at 888. Again, this is primarily a factual inquiry. "[T]he question of whether a claimant has removed himself from the labor market is a matter of drawing the line between those cases where a claim of reasonable availability [of work in the vicinity] is patently untenable and those in which a factual inquiry should be conducted as to the conditions of the local labor market." *Goodwin, supra,* 32 Pa. Commonwealth Ct. at 288, 378 A.2d at 1310.

In some cases, where the period for which a claimant is available for work is unreasonably short, it may be patently untenable to claim that a reasonable possibility for securing temporary employment exists. In *Pinto, supra,* for example, the claimant expected to be recalled by her former employer in one or two weeks and intended to return at that time. The Superior Court held that "[s]uch limitation . . . rendered her unavailable for work *unless it appears that there was a reasonable opportunity for securing such work for such a limited duration in the vicinity in which she lived."* 168 Pa. Superior Ct. at 542, 79 A.2d at 803 (emphasis added).[5]

---

[5] In *Pinto,* the claimant actually went to a job interview and stated to the prospective employer that she intended to return to her former employment when recalled in one or two weeks. The case was expressly decided on the basis of Section 401(d). Numerous cases have since arisen where claimants have volunteered similar statements at job interviews and have lost job opportunities as a result. Benefits have consistently been denied in such cases. Some of these cases have been decided on the authority of *Pinto* and Section 401(d). *E.g., Friedman Unemployment Compensation Case,* 201 Pa. Superior Ct. 640, 193 A.2d 676 (1963) ; *Baker Unemployment Compensation Case,* 193 Pa. Superior Ct. 460, 165

Here, claimant's leave of absence was of indefinite duration, and her prospects for returning to her former employment in the near future appeared slim. She was available for work during approximately 21

A.2d 103 (1960). Unlike *Pinto*, these cases have not expressly recognized the claimant's option to prove that a reasonable opportunity for obtaining temporary employment existed. They have, however, uniformly treated the situation as one where the claimant has voluntarily placed a restriction on his employability. As noted in the text, the mere existence of such a restriction does not render an employee unavailable under Section 401(d) ; rather, the restriction must be such as to effectively remove the claimant from the labor market. *See, e.g., Myers, supra.*

Other cases involving the same factual situation have been decided on the basis of Section 402(a) of the Act, 43 P.S. §802(a), which requires a claimant to apply for work as directed by the Department of Labor and Industry and to accept suitable work when offered. *See, e.g., Know v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 200, 315 A.2d 915 (1974) ; *Gavlick Unemployment Compensation Case*, 197 Pa. Superior Ct. 621, 179 A.2d 926 (1962). These cases were decided on the basis that a claimant who unreasonably discourages a job offer is not applying for work in good faith. Since there is no evidence in this case that claimant has discouraged any prospective employers by indicating her intention to return to her former job, Section 402(a) is not applicable. *Cf. Unemployment Compensation Board of Review v. Matthys*, 24 Pa. Commonwealth Ct. 474, 357 A.2d 230 (1976) (distinction drawn between Sections 402(a) and 401(d) with regard to part-time work). In addition, we note that this Court has reserved ruling on the situation where a claimant does not volunteer the information but honestly responds to a question from the prospective employer. *Barry v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 527, 330 A.2d 280 (1974). Finally, many of these cases, *e.g., Maribello Unemployment Compensation Case*, 200 Pa. Superior Ct. 330, 188 A.2d 861 (1963) ; *Trabold Unemployment Compensation Case*, 191 Pa. Superior Ct. 485, 159 A.2d 272 (1960), emphasized that the claimants had been unemployed for several months. These cases therefore stand for the proposition that a claimant may not inflexibly insist upon returning to a former employer regardless of the length of time he has been unemployed.

hours per day.[6]  She was a college graduate and apparently qualified to perform any number of jobs, skilled and unskilled.  There is no indication that she had restricted the type of work which she was willing to accept, and she lived in the Pittsburgh metropolitan area where there are presumably many job opportunities.  Finally, claimant did in fact secure and accept part-time employment as a clerk-typist.  It does not appear to be patently untenable to assert that a reasonable possibility exists for this claimant to secure some substantial type of employment, and this case must therefore be remanded so that the Board may make the relevant factual inquiry.  *See, e.g., Shay, supra.*

The cases cited by the Board in its brief do not dictate a different result.  In *Dingel, supra* note 1, we recognized the factual nature of the inquiry and held only that the claimant's leave-of-absence status was some evidence of unavailability which, when combined with the "particular circumstances appearing in the record," was sufficient to uphold the Board's denial of benefits.  We specifically noted that not every leave of absence would necessarily render a claimant ineligible for benefits.  14 Pa. Commonwealth Ct. at 488, 322 A.2d at 733.  Although some language in the case suggests that a claimant must be available for permanent work, we also cited *Pinto, supra,* for the proposition that a claimant must be willing at all times to accept suitable work, *"temporary* or full time."  14 Pa. Commonwealth Ct. at 487, 322 A.2d at 733 (emphasis added).

---

[6] Claimant's testimony suggested that she may not be willing to work between 1 p.m. and 3:30 p.m., when she accompanies her sister to a school for the blind. This is another factor for the Board to consider in determining whether the claimant has effectively removed herself from the labor market.

*Chickey v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 485, 332 A.2d 853 (1975), involved several school teachers who were available for work only in the summer months. As we noted in *Chickey*, the teachers involved had in effect agreed to work and be paid for only 44 weeks of each year. The legislature surely never intended to subsidize summer vacations, and the status of teachers in unemployment compensation law is therefore unique. It is somewhat analogous to the status of full-time students, who are treated differently under Section 401(d) from unemployed workers. *See, e.g., Claim of Wright*, 25 Pa. Commonwealth Ct. 522, 526 n. 2, 360 A.2d 842, 845 n. 2 (1976) (students treated differently from workers with regard to availability for part-time work); *Popelas v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 92, 95, 333 A.2d 831, 832 (1975).

ORDER

AND Now, this 8th day of May, 1978, the above captioned case is remanded to the Unemployment Compensation Board of Review for further proceedings consistent with this opinion.