Gary Wilkerson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 8, 1979, before Judges WILKINSON, JR., MENCER and DISALLE, sitting as a panel of three.

*Taylor Aspinwall,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., April 12, 1979:

Petitioner (claimant) here appeals an order of the Unemployment Compensation Board of Review upholding determinations by the Bureau of Employment Security and the referee which found claimant was ineligible for unemployment compensation benefits because his discharge resulted from willful misconduct.[1] We affirm.

Claimant last worked in the circulation department of the Philadelphia Evening and Sunday Bulletin as a district manager responsible for securing collections from newsboys and vendors and seeing that proper start-ups for new deliveries were made in his district. Sometime in April claimant's work began to decline until August 29, 1977 when his supervisors determined claimant should be demoted to "swing manager" which resulted in a $15 a week salary reduction and meant that claimant would no longer be responsible for the newspaper circulation in one district, but rather would be assigned where the need was greatest. Claimant worked for five days in his new capacity. On the fifth day his supervisors told him that he was to help the new manager in his old district clear outstanding collections amounting to approximately $400. Claimant stated he would comply with this directive only if he were told when his days off would be. Thereupon, claimant was discharged.

At the hearing before the referee, claimant testified that he had never been assigned a day off by his

---

[1] Pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

supervisor while he was a branch manager, that he generally worked seven days a week, set his own hours and took time off on his own. Claimant apparently believed that in his new job he would no longer be able to set his own hours and thus he desired to know when his designated days off would be. He testified that it was this desire that prompted him to give his superior the ultimatum that he would not help make collections unless he was told his days off.

On appeal here, claimant contends that his refusal to comply with a direct order of his employer was made with good cause in that it was reasonable under the circumstances for him to ask when his next day off would be and that his refusal, therefore, cannot constitute willful misconduct. *See Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976).

In *Frumento, supra,* our Supreme Court held that in review of willful misconduct cases where an employee is discharged for refusal to comply with an employer rule or directive the employee's reason for noncompliance must be balanced against the reasonableness of the employer's request in light of all the circumstances. Here, while it would seem reasonable under the circumstances for claimant to ask when his days off would be, we are unprepared to say that it was reasonable for him to condition the performance of an assigned task fully within his capabilities on the employer acceding to his demand. This is particularly so in light of all the circumstances, that claimant gave no reason for wanting this information. Conversely, the reasonableness of the employer appears too clear for argument. The claimant had been solely responsible for supervising newspaper circulation in this district, including collecting funds due his employer. Under such circumstances, it was logical that the employer look to claimant to help maintain

accurate financial records essential to the employer's interest where there had been a change in personnel. Moreover, the record indicates the employer did not request the claimant do extra work or work extra hours.

Since we have accepted as true claimant's justification for his conduct, we need not consider his argument that a specific finding on this issue should have been made by the Board. *See Korol v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 183, 384 A.2d 1377 (1978).

Accordingly, we will enter the following

ORDER

AND Now, April 12, 1979, the order of the Unemployment Compensation Board of Review, Decision No. B-154106, dated February 28, 1978, is hereby affirmed.