521 A.2d 999

Susan Thomas, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 18, 1986, to Judges CRAIG and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Richard E. Thrasher,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Paul E. Baker,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, March 5, 1987:

Claimant Susan Thomas petitions for review of an order of the Unemployment Compensation Board of Review affirming a referee's decision which had denied benefits. We reverse.

The claimant had worked as a presser at MID Sportswear until January 23, 1984, when she relinquished that job because of a sore arm. The Office of

Employment Security awarded unemployment compensation benefits because the employer did not have available work which did not aggravate the claimant's physical condition.

Although the claimant's job coding was as a janitor and maintenance repair worker, the Office of Employment Security referred her to Mountain Orchards Co-Op for prospective employment as a laborer on October 19, 1984.[1] After Mountain Orchards had interviewed the claimant and declined to offer her the laborer job, the referee denied benefits on the basis that the claimant had failed to apply properly for suitable work, citing section 402(a) of the Unemployment Compensation Law.[2]

The referee stated in the discussion section of her opinion that, "the claimant, in fact, discouraged her employment by vacillating such response to the prospective employer's question [whether the dampness at the employer's facility would bother her]," and made the following formal findings of fact:

> 5. The claimant's physician has advised the claimant that in spite of the fact that she has bursitis, she has no physical restrictions in reference to any type of employment.

---

[1] The claimant does not contend that the laborer position was not suitable employment.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(a). That section provides, in pertinent part:

> An employee shall be ineligible for compensation for any week—
> (a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment officer or by any employer. . . .

6. The claimant reported to Mountain Orchards Co-Op after having been referred there by the Office of Employment Security on October 19, 1984, at which time she indicated on her application for employment that she suffered from bursitis.

7. In spite of the fact that the claimant's physician advised her that her bursitis presented no work restrictions, she informed her prospective employer that she did not know whether or not the dampness which might be encountered in that employment would affect her health.

8. As a result of the interview, claimant was not offered employment with Mountain Orchards Co-Op.

Where the board has found as a matter of fact that the claimant has become unavailable for work by attaching conditions and limitations to the employment, we must affirm that finding if it is supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. *Estate of Francis J. McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986) (regardless of which party prevailed below, this court's scope of review on appeal from an administrative agency decision is limited to determining whether the agency has committed a constitutional violation or an error of law, and whether the findings of fact are supported by substantial evidence).

In *Paisley v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 427, 315 A.2d 908 (1974), we affirmed the board's conclusion that the claimant was ineligible for further benefits because he had unreasonably discouraged an offer of work. At a job interview, the claimant told the potential employer that he expected to be called back to his old job and that he would go back. The court stated:

The law on this matter is clear that a claimant cannot attach such conditions to his acceptance of work as to render himself unavailable for suitable work. 'A claimant is required at all times to be ready, able and willing to accept suitable employment, temporary or full time. . . . But one may render himself unavailable for work by conditions and limitations as to employment. Willingness to be employed conditionally does not necessarily meet the test of availability. The determination of availability is largely a question of fact for the Board.'

12 Pa. Commonwealth Ct. at 428, 315 A.2d at 908-09 (citation omitted).

In the present case, the referee's findings of fact imply that the claimant's physician expressly told the claimant that she had no work-related physical restrictions, but that nonetheless, the claimant actively sought to express restrictions on, and convey uncertainty about, her ability to work for Mountain Orchards Co-Op. Substantial evidence of record does not support those implied findings.

A physician's certification, completed by William Steinauer, M.D., dated February 20, 1984, stated:

Pt. has recurrant (sic) bursitis (R) shoulder when she does her usual job (in the trimming department at MID Sportswear).

Under General Comments, Dr. Steinauer stated:

I suggested that the patient not go back to ironing since this ⸗ [illegible] the activity which caused the original disability. She is able to work, but not ironing clothing.

Additionally, the claimant's testimony clearly indicates that she supplied information regarding her bursitis condition only after it was requested of her both in the employment application and in the interviewer's questions. She testified:

QCL: Okay. What happened when you went out to see about this job?

AC: Okay, I went into the office. There was a girl at a second desk which gave me an application to fill out which I did. It wanted to know where my last place of employment was, reasons for leaving, and I put on there that it was a medical reason requested by my physician due to bursitis of the right shoulder, that I had reoccurrence [sic] of this.

. . . .

QCL: Alright, was there any discussion about any impairment, physical impairment that you have?

AC: Okay, she asked me about the bursitis which I told her had originated from the job at MID Sportswear and the doctor's statement at that point in time, it came from the constant use of my arm and at that point in time she had wondered about dampness. I told her I didn't know if that would bother me or not.

QR: Now you said she wondered about dampness. Now who brought up the word dampness? Did she ask you if dampness would bother you or did you bring up the word?

AC: She did.

QR: Now you have to tell me as close as you can remember what she said, not what was brought up but what somebody actually said?

AC: Okay, she said, she asked if the dampness in the factory would maybe bother me. My reply was I don't know. I have had some off and on problems with it, but you know on damp days or if I was doing continuous work at home or something like that.

QCL: Let me ask you, in your conversations with the interviewer, did you volunteer any in-

formation or did your statements, as a response to her questions?

AC: Only when she asked me about the reason why I had left my last job and what I had put down for the reason was because of the doctor's statement of the bursitis and then I explained to her what caused that at the last job.

There is no evidence to support a finding that the claimant sought to sabotage a potential job offer. The Office of Employment Security offered the testimony of one of its employment interviewers who testified that, in a phone call, a representative of Mountain Orchards Co-Op told her that the claimant had discouraged the application by stating all of her physical disabilities. However, that uncorroborated hearsay testimony was objected to by the claimant's counsel and is therefore not competent to support the referee's conclusion that the claimant sought to discourage a job offer. *Westinghouse Electric Corporation v. Unemployment Compensation Board of Review*, 73 Pa. Commonwealth Ct. 243, 458 A.2d 301 (1983).

The present case is distinguishable from *Mohl v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 69, 321 A.2d 662 (1974), where this court affirmed the referee's finding that the claimant had discouraged an offer of employment by *volunteering* during an April interview that he *might* be going to college in September.[3] *See also Knox v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 200, 315 A.2d 915 (1974).

---

[3] In *Mohl*, we stated:

Here, the issue is good faith in the application interview. The conclusion should not be drawn from our action in this case or by the action of courts in similar cases in the past that we encourage lack of candor, much less active deception in the referral interview. *It is the motivation and the circumstances under which the information is supplied that is controlling, not its accuracy or inaccuracy.*

14 Pa. Commonwealth Ct. at 72, 321 A.2d at 663 (emphasis added).

Because substantial evidence of record does not support the referee's implied findings that the claimant's statements at the interview constituted a refusal of suitable employment, the decision is reversed.

ORDER

Now, March 5, 1987, the order of the Unemployment Compensation Board of Review, No. B-237632, dated January 22, 1985, is reversed.

---

In *Department of Labor and Industry v. Unemployment Compensation Board of Review,* 159 Pa. Superior Ct. 567, 49 A.2d 260 (1946), the Superior Court defined "good faith" as

not only the merely negative virtue of freedom from fraud but also positive conduct which is consistent with a genuine desire to work and to be self-supporting.

In light of that language, we cannot agree with the referee's comment that, "[a] person who is genuinely seeking employment can minimize any possible physical restrictions."

---

DISSENTING OPINION BY SENIOR JUDGE KALISH:

I respectfully dissent.

One of the grounds for ineligibility for unemployment compensation set forth in section 402 of the Law is the "failure, without good cause either to apply for suitable work . . . or to accept suitable work when offered. . . ." Suitable work means all work that the claimant is capable of performing. Good cause is synonymous with "good faith," and includes behavior which is consistent with a genuine desire to be employed. *Downes v. Unemployment Compensation Board of Review,* 72 Pa. Commonwealth Ct. 575, 456 A.2d 1107 (1983).

The claimant contends that she was being honest with her prospective employer rather than discouraging a suitable work offer. It is for the court to determine whether the work was suitable, and whether the failure

to accept the job was without good cause. *Lynch v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 159, 384 A.2d 1379 (1978). The reasons offered by the claimant for refusing the job must be substantial and reasonable. *Carter v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 569, 442 A.2d 1245 (1982).

Here, the claimant's physician had advised her that although she had bursitis, she had no physical restrictions in reference to any type of work. She bowls once a week and changed her job registration with the Office of Employment Security from presser (light work) to janitorial aid and maintenance repair work. From the claimant's conduct it is reasonable to infer that her reasons for indicating to the prospective employer that her health may affect her ability to perform the job were not in good faith, and were lacking in a desire to be employed. Thus, I believe the referee's findings are supported by substantial evidence.