Neff Unemployment Compensation Case.

Argued March 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Dorothy K. Neff,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., April 13, 1961:

This is an unemployment compensation case in which the question is whether the claimant is disqualified to receive benefits because of her refusal to accept proffered employment. The claimant was last employed by Jobs Unlimited as a part-time secretary. Her last day of work was November 25, 1959. The claimant had prior full-time employment as an executive medical secretary from which she had a valid separation due to pregnancy. After receiving unemployment compensation for eight weeks subsequent to her separation from Jobs Unlimited, the claimant was offered by the Pennsylvania State Employment Service a permanent position as a transcribing machine operator with the Insurance Company of North America at $60.00 per week and a permanent position with the Acar Supply Company as a dictaphone machine operator at the rate of $60.00 to $75.00 per week. The claimant refused both referrals because she felt that the work was unsuitable for her because they were not commensurate with her education, prior technical

employment, and former salary of $80.00 per week received in her last full-time employment.

The Board of Review found as facts that the claimant is classified as a transcribing machine operator and copywriter, that the positions offered her were within her capabilities, and that the jobs paid the prevailing wage rates; and it decided that the claimant's refusal to accept the employment opportunities because she felt that they were not in line with the type of work she had been doing previously disqualified her from receiving further benefits.

Section 402(a) of the Unemployment Compensation Law, Act of December 5, 1936, P. L. (1937) 2897, 43 P.S. §802(a) provides that "An employe shall be ineligible for compensation for any week—(a) In which his unemployment is due to failure without good cause . . . to accept suitable work when offered to him . . . by any employer . . . ."

"Suitable work" is defined to mean, "all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or occupation, and the permanency of his residence." Section 4(t) of the Unemployment Compensation Law, supra, 43 P.S. §753(t).

In the instant case the Board found that the proffered employment was suitable under the circum-

stances. Such finding of fact, if supported by competent testimony, is binding upon this Court. *Davis Unemployment Compensation Case,* 187 Pa. Superior Ct. 116, 144 A. 2d 452.

A claimant who seeks benefits must at all times be ready and willing to accept suitable employment and must have substantial and reasonable grounds for refusing offered work. *Sweeney Unemployment Compensation Case,* 177 Pa. Superior Ct. 243, 110 A. 2d 843. *Raiskin Unemployment Compensation Case,* 186 Pa. Superior Ct. 37, 140 A. 2d 467. It is apparent from the record that substantial, compelling reasons did not exist for claimant's refusal of both the jobs offered her. There is no question about her ability to perform the work. Although the wages offered were lower than those received in her previous employment, she cannot be permitted to decline on that ground for an indefinite time, but can be entitled only to a reasonable opportunity to obtain work at the same wages. Because she had been receiving compensation for eight weeks, it is a reasonable conclusion that the work she was capable of performing was unavailable at the wages she previously received. Since her last full-time employment in August, 1959, the claimant had work of a limited nature only wherein she was assigned to whatever was available. Therefore, to use a standard her employment of over a year ago is inconsistent with the eligibility requirements of the Unemployment Compensation Law.

The principal objective of unemployment compensation legislation is to alleviate economic distress in individual cases, and sound policy requires that a claimant who refuses employment may remain eligible for benefits only where there is some necessitous and compelling reason for refusal of work. *Wojciechowski Unemployment Compensation Case,* 186 Pa. Superior Ct. 362, 142 A. 2d 756.

Under the circumstances of this case, we are of the opinion that the Board was correct in holding that the claimant's refusal to accept the proffered employment made her ineligible for compensation.

Decision of the Board is affirmed.