## Southerland v. Commonwealth

*Morley W. Baker*, for Commonwealth.

*Martin J. Vigderman*, for plaintiffs.

SHELLEY, J., April 12, 1965.—This matter comes before us on plaintiffs' motion for judgment on the pleadings in a mandamus action.

Plaintiffs, on behalf of themselves and all members of Locals 1291, 1566, 1332 and 1242, International Longshoremen's Association, are asking us to order defendant to requisition and pay benefits to which plaintiffs claim to be entitled.[1]

Members of Local 1291 were hired to unload bagged sugar from a vessel. Employer directed a method of unloading which the members refused to accept because of the danger involved.[2] Employes refused to work and were discharged by employer. Thereupon, the members filed claims for unemployment compensation for a period beginning on July 3, 1959, the date on which they were discharged, and ending on July 22, 1959, the date on which they returned to work.

The Bureau of Unemployment Security (hereinafter referred to as the bureau) decided plaintiffs were ineligible for unemployment compensation benefits. On appeals, the referee and the Board of Review (hereinafter referred to as the board) found that the unemployment of claimants was due to a lockout by employer and was not such a labor dispute that would have ren-

---

[1] The members of Local 1291 are stevedores who load and unload cargoes from vessels. The members of Local 1242 are clerks and checkers who keep records of cargoes entering and leaving the port. The members of Local 1332 are car loaders who handle the freight before it is loaded onto the vessels or after it has been removed therefrom. The members of Local 1566 are carpenters and maintenance men whose duties are performed on vessels and on piers. By stipulation it was agreed that, since members of Locals 1566, 1332 and 1242 were paid in full the amount of unemployment compensation benefits to which they were entitled, the action is moot as to members of the said three Locals.

[2] Employer insisted that pallets be used instead of net slings, which is the customary way to handle the unloading of bagged sugar.

dered claimants ineligible to recover benefits under section 402(d) of the Act of December 5, 1936, P. L. (1937) 2897 (Unemployment Compensation Law), art. IV, sec. 402(d), 43 PS §802(d), as amended, which provides:

"An employe shall be ineligible for compensation for any week . . .

"(d) In which his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lock-out) at the factory, establishment or other premises at which he is or was last employed . . ."

On appeal, the Superior Court affirmed the decision of the board.[3]

Collaterally with these proceedings, plaintiffs brought unfair labor practice charges against employer before the National Labor Relations Board (hereinafter referred to as NLRB). NLRB made a determination that employer was guilty of unfair labor practices and directed plaintiffs be reimbursed for back pay. On appeal, the United States Court of Appeals for the Third Circuit affirmed NLRB.

Plaintiffs contend the board became obliged to enter an order in accordance with the decree of the Superior Court *forthwith*[4] and that the bureau thereupon became obliged to order and requisition the payment of benefits under article V, sec. 512, of the Act of 1936, supra, 43 PS §832, which provides that "Upon the final determination of any appeal, the board shall enter an order in accordance with the decree of the court" and that the State Treasurer and Unemployment Compensation Fund became obliged, in turn, to make payment

---

[3] Southerland Unemployment Compensation Case. Philadelphia Marine Trade Association v. Unemployment Compensation Board of Review, 202 Pa. Superior Ct. 149 (1963).

[4] Emphasis ours.

of said benefits as provided by article VI, sec. 601, of the Act of 1936, supra, 43 PS §841, which provides for the method of payment of unemployment compensation to those entitled thereto.

It is defendant's position that, under the provisions of article I, sec. 4 (u), of the Act of 1936, supra, 43 PS §753, which provides as follows:

"An individual shall be deemed unemployed (1) with respect to any week . . . (ii) with respect to which no remuneration is paid or payable to him, . . ." and article IV, sec. 404 (d), 43 PS §804, which provides: ". . . each eligible employe who is unemployed with respect to any week . . . shall be paid with respect to such week, compensation in an amount equal to his weekly benefit rate less the total of (1) that part of the remuneration, if any, paid or payable to him with respect to such week . . . which is in excess of his partial benefit credit, . . ." the back pay award, when determined on an individual basis, will either wholly or partially invalidate the claims which plaintiffs have filed for unemployment compensation.

Plaintiffs predicated their claim on the ruling of the Superior Court in the Southerland case, supra. Plaintiffs contend that the ruling of the Superior Court in the Southerland case is all inclusive and that the rights of plaintiffs to receive unemployment compensation are res adjudicata. It must be noted, however, that the only question before the Superior Court in the Southerland case was the eligibility of the claimants under the provisions of section 402 (d) of the Act of 1936, supra. The application of sections 4 (u) and 404 (d) of the Act of 1936, supra, to the facts in the instant case was not before the Superior Court in the Southerland case and, whether or not the sections were applicable, was not determined. While it is true that the eligibility of claimants under section 402 (d) of the Act of 1936 is res

adjudicata, it is not res adjudicata as to the eligibility of claimants under sections 4(u) and 404(d).

Under the provisions of section 4(u) and 404(d), the back pay award of the NLRB will either wholly or partially invalidate the claims for total unemployment compensation which plaintiffs have filed.

Until the amounts due each of plaintiffs for back wages are computed by NLRB, it cannot be determined how much, if any, unemployment compensation is due plaintiffs.

The Unemployment Compensation Law is a remedial statute designed to provide support for workers who are unemployed, and it was enacted to alleviate hardships attendant upon unemployment: Neff Unemployment Compensation Case, 195 Pa. Superior Ct. 4 (1961); Gianfelice Unemployment Compensation Case, Warner Company v. Unemployment Compensation Board of Review, 396 Pa. 545 (1959).

Section 3 of article I of the Act of 1936, supra, 43 PS §752, constitutes a declaration of public policy with respect to the aims and purposes of the legislature in establishing a system of unemployment compensation. It is not a mere preamble to the statute, but a constituent part of it and is to be considered in construing or interpreting it: Department of Labor and Industry, etc., v. Unemployment Compensation Board of Review, 148 Pa. Superior Ct. 246 (1942).

Considering the purpose of the act as set forth in the declaration of public policy, the declaration interpreted by the appellate courts of Pennsylvania, and the inclusion of section 4(u) and 404(d) in the act, we must conclude that the legislature never intended that an employee should receive wages and be paid unemployment compensation for the same period of time.

Plaintiffs are moving for judgment on the pleadings because of the failure of defendant to state a legal defense to their claim. Judgment on the pleadings

should be entered only in a case which is clear and free from doubt: Poole v. Great American Insurance Company, 407 Pa. 652 (1962).

The purpose of mandamus is not to establish a legal right, but to enforce one already established. To succeed in an action in mandamus, plaintiff must show an immediate, specific, well defined and complete legal right to the thing demanded (Zaccagnini v. Vandergrift Borough, 395 Pa. 285 (1959)), nor will mandamus issue to enforce a right which is conditional or incomplete by reason of a condition precedent or which is contingent on the further action of a third person or tribunal, particularly when interests of third persons are involved: Commonwealth ex rel. McLaughlin v. Erie County, 375 Pa. 344 (1953). If the object sought to be obtained is inequitable, relief may be refused: Waters v. Samuel, 367 Pa. 618 (1951).

Section 804(b) of the Act of 1936, supra, 43 PS §874(b), provides for recovery and recoupment of unemployment compensation paid to those not entitled thereto. Experience, however, would seem to indicate that its application would be ineffective and the practical end result would be that the claimants could receive both wages and benefits for the same period of time.[5]

---

[5] Article VIII, sec. 804(b), of the Act of 1936, supra, 43 PS §874(b) provides:

"(b) Any person who other than by reason of his fault has received with respect to a benefit year any sum as compensation under this act to which he was not entitled shall not be liable to repay such sum but shall be liable to have such sum deducted from any future compensation payable to him with respect to such benefit year, or the three-year period immediately following such benefit year: . . ."

Paragraph 20 of defendant's amended answer reads as follows:

"20. Defendant is advised and therefore avers that the payment of unemployment compensation benefits to the members of Local 1291 without consideration of the amount of back-pay to which such members are or may become entitled, would ultimately result

We accordingly conclude that plaintiffs' motion for judgment on the pleadings should not be allowed and make the following

ORDER

And now, April 12, 1965, plaintiffs' motion for judgment on the pleadings is denied.

in the creation of benefit overpayments—uncollectible under the provisions of Section 804(b) of the Pennsylvania Unemployment Compensation Law (43 PS §874), in an amount in excess of $100,000.00."

Plaintiffs' answer to the allegation is:

"20. Denied. It is denied that payment of unemployment compensation benefits to members of Locals 1291 without consideration of the amount of 'back-pay' to which such members are, or may become entitled, would result in overpayments. On the contrary, it is averred that, in considering entitlement to unemployment compensation benefits, the question of 'back-pay' should not be considered.