Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Charles Buss, Appellant.

Argued December 5, 1975, before Judges CRUM-LISH, JR., MENCER and BLATT, sitting as a panel of three. Reargued June 8, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER and BLATT. Judges KRAMER and ROGERS did not participate.

*Charles Buss,* with him *Richard J. Shiroff,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., August 20, 1976:

This is an appeal by Charles Buss (Claimant) from a decision and order of the Unemployment Compensation Board of Review (Board) which denied unemployment compensation by affirming the order of the referee.

Claimant was last employed by the United States Postal Service as a nixie clerk. When the central mark-up system where he worked was transferred to another city, he did not move with the system and entered into leave status. Prior to his going on nonpaid leave, Claimant had been given the choice of taking either annual or sick leave status, both of which he refused. Claimant has maintained that despite his physical limitation caused by rheumatoid arthritis, he is nevertheless able to work.

The Board sustained the referee's reversal of the Bureau of Employment Security's determination that Claimant was eligible for benefits. Upon Claimant's request for reconsideration, the Board ordered a remand hearing. After a review of the testimony taken during the remand hearing, the Board reaffirmed its decision.

The sole question presented is whether the Board erred in affirming the determination made by the referee, who found that Claimant is not unemployed and hence is not entitled to unemployment compensation under the appropriate sections of the Unemployment Compensation Law[1] (Law).

The fundamental *social* purpose of the Unemployment Compensation Law is to provide relief from the rigors of unemployment, that is, to alleviate economic distress in *individual* cases. *Unemployment Compen-*

---

[1] Section 401 as defined by Section 4(u) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §753(u), 801.

*sation Board of Review v. Department of Labor and Industry,* 203 Pa. Superior Ct. 336, 201 A.2d 310 (1964); *Neff v. Unemployment Compensation Board of Review,* 195 Pa. Superior Ct. 4, 169 A.2d 338 (1961).

A further tenant of the Law is to help solve involuntary unemployment and its resulting burden of indigency, and the fund is to be used for the benefit of persons unemployed through no fault of their own. *Charney v. Unemployment Compensation Board of Review,* 194 Pa. Superior Ct. 402, 168 A.2d 604 (1961).

In the case at bar, Claimant was on non-paid leave status, a status he chose. His employment with the Post Office was not terminated. While pension payments do not constitute wages within the Law, the receipt of a pension will not disqualify an employe from receiving unemployment compensation if he meets the other requirements of the Law. *Keystone Mining Co. v. Unemployment Compensation Board of Review,* 167 Pa. Superior Ct. 256, 75 A.2d 3 (1950). Claimant, if he chose paid leave status, would not be receiving pension payments. If we are to categorize these payments, they are similar to vacation pay. In *Sopko v. Unemployment Compensation Board of Review,* 168 Pa. Superior Ct. 625, 82 A.2d 598 (1951), a claimant was disqualified from receiving benefits for weeks in which he received vacation pay.

In *Gianfelice Unemployment Compensation Case,* 396 Pa. 545, 555, 153 A.2d 906, 911 (1954), our Supreme Court set the standard for us to determine whether a claimant is entitled to benefits if, at the same time, he is eligible to receive other remuneration. The late Justice COHEN, speaking for the Supreme Court, wrote:

"Under sec. 4(u) of the act, 43 P.S. §753(u), an individual is deemed unemployed if he performs no remunerated services during the claim week and if he is paid or owed no remuneration with respect to

164

such week. Here, Gianfelice certainly has performed no services for which he was compensated; so he has qualified under the first condition. As to the second— that he be paid or owed no remuneration with respect to the claim week—the act is devoid of a definition of 'remuneration' . . . 'Remuneration' is generally defined as a payment for services performed. . . ."

This standard is applicable to this case. As in *Gianfelice,* Claimant has performed no services for which he was compensated during the claim weeks, thereby satisfying the first condition, but he falls under the demands of the second condition. Claimant was entitled to annual and/or sick leave pay for services performed. This leave pay, which he chose not to accept, accrued to him as a result of services performed. Since he is owed remuneration for the claim weeks, the Board did not err when it denied Claimant unemployment compensation benefits.

We therefore

### ORDER

AND Now, this 20th day of August, 1976, the decision and order of the Unemployment Compensation Board of Review is hereby affirmed.

---

DISSENTING OPINION BY JUDGE BLATT:

I must respectfully dissent.

The claimant here was given a choice by his employer either to use his accrued annual and sick leave or to be placed at once on indefinite leave without pay. He chose the latter. In either case, however, it was clear that he would not receive his regular salary nor would he perform any services during the claim weeks in question.

On these facts the majority has concluded that claimant was not "unemployed" during these claim weeks and is not, therefore, entitled to unemployment compensation. And, relying upon *Gianfelice Unem-*

*ployment Compensation Case,* 396 Pa. 545, 153 A.2d 906 (1959) and *Sopko Unemployment Compensation Case,* 168 Pa. Superior Ct. 625, 82 A.2d 598 (1951) the majority holds that vacation pay is "remuneration" and that a claimant entitled to receive vacation pay is, therefore, not "unemployed." These are old cases, however, which seem to me to have no application to the case at hand.

I believe that statutory amendments to the Unemployment Compensation Law[1] (Act) since those 1950's cases now make it clear that availability for or receipt of vacation pay does *not* disqualify a claimant from collecting unemployment compensation as an unemployed individual.[2]

I fail to see how the majority can characterize sick leave as being "similar to vacation pay[3]," but, in any case, the threshold issue remains the same: *i.e.,* is the claimant here an unemployed individual. *Prior to* 1964, Section 4(u) of the Act, 43 P.S. §753(u) provided the following definition of "unemployed."

"(u) 'Unemployed.'—*An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him,* or (II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit. [*Provided, That for the purposes of this subsection vacation pay* and sim-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq.

[2] Some of these changes have been discussed by our Supreme Court in *Piestrak Unemployment Compensation Case,* 404 Pa. 527, 172 A.2d 807 (1961).

[3] *See Lucciola v. Secretary of Education,* 25 Pa. Commonwealth Ct. 419, 360 A.2d 310 (1976).

ilar payments, wages in lieu of notice, separation allowances, dismissal wages and similar payments whether or not legally required to be paid *shall be deemed remuneration* paid or payable with respect to such period as shall be determined by rules and regulations of the department. . . .]" (Brackets and emphasis added.)

At that time, therefore, vacation pay clearly was remuneration, and under those provisions, the claimant here would not be unemployed.[4] In 1964, however, the General Assembly specifically deleted the proviso, bracketed above, which classified vacation pay as remuneration, and, at the same time, amended Section 404(d) of the Act, 43 P.S. §804(d), a provision describing how to compute benefits for eligible individuals, to allow for the benefit amount to be reduced by the amount of vacation pay available to the claimant.[5] In view of these amendments, it seems to me that the General Assembly then no longer considered vacation pay to be remuneration. The availability, or receipt

---

[4] For a more complete discussion of vacation pay in unemployment compensation cases prior to 1964 *see Ungarean Unemployment Compensation Case*, 207 Pa. Superior Ct. 506, 218 A.2d 847 (1966) ; *Doble Unemployment Compensation Case*, 196 Pa. Superior Ct. 367, 175 A.2d 345 (1961) ; *Franceschi Unemployment Compensation Case*, 196 Pa. Superior Ct. 150, 173 A.2d 774 (1961).

[5] Section 404(d) was amended to add the language emphasized below.

"(d) Notwithstanding any other provisions of this section each eligible employe who is unemployed with respect to any week ending subsequent to the first day of July, one thousand nine hundred sixty-four, shall be paid, with respect to such week, compensation in an amount equal to his weekly benefit rate *less* the total of (1) that part of the remuneration, if any, paid or payable to him with respect to such week for services performed which is in excess of his partial benefit credit, *(2) vacation pay, if any, (3) severance or separation allowances or dismissal wages and similar payments, the payments of or eligibility for which is made or conditioned upon a temporary, indefinite or permanent separation from employment. . . .*"

of vacation pay, therefore, would not disqualify a claimant from becoming an eligible individual under the provisions of Section 4(u) of the Act. As long as a claimant performs no service and receives no actual pay, he is unemployed and vacation pay figures only in the computation of the benefit amount to which he would be entitled. Even this last provision under Section 404(d) of the Act, however, has since been amended in 1968[6] and 1971[7] to eliminate consideration of vacation pay from the computation of the benefit amount payable where the unemployed individual is permanently or indefinitely separated from his employment. *United States Steel Corporation v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 206, 303 A.2d 852 (1973). It would appear, therefore, that when this claimant was placed on an indefinite leave without pay, Section 404(d) read in pertinent part as follows.

"(d) Notwithstanding any other provisions of this section each eligible employe who is unemployed with respect to any week ending subsequent to the first day of October, one thousand nine hundred seventy-one, shall be paid, with respect to such week, compensation in an amount equal to his weekly benefit rate *less* the total of (i) the remuneration, if any, paid or payable to him with respect to such week for services performed which is in excess of his partial benefit credit; *(ii) vacation pay, if any, except when paid to an employe who is permanently or indefinitely separated from his employment. . . ."* (Emphasis added.)

In my view, therefore, because this claimant performed no service and received no remuneration for the claim weeks in question, he was "unemployed" within the meaning of Section 4(u) of the Act as it

---

[6] Act of January 17, 1968, P.L. 21.

[7] Act of September 27, 1971, P.L. 460.

168

stood at the time in question here. Because he was placed on an indefinite leave from his employment, therefore, he is entitled to the full benefit amount without any deduction for the vacation pay which was available to him.

I would reverse the Unemployment Compensation Board of Review and remand this case for a proper determination of the benefit amount due.