Nicholaus Cervenak, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

454

Argued October 30, 1978, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Eileen D. Yackmini,* with her *Edward A. Olds,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, May 7, 1979:

Nicholaus Cervenak (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) affirming the decision of the Bureau of Employment Security (Bureau) and a referee denying claimant benefits under the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq. We reverse and remand to the Board.

Claimant was last employed by the United States Bureau of Mines (employer) in Pittsburgh as a janitor. Claimant's last day on the job was November 7, 1975, at which time he went on leave from his employ-

er because of a physical infirmity. He received annual leave pay and sick pay until it was exhausted on April 1, 1976, after which he continued to be listed by his employer as being on leave without pay.

On December 31, 1975, claimant met with his employer to discuss claimant's situation. A memorandum prepared by the employer after that meeting stated that claimant's doctor recommended light duty for claimant, and that the employer had no light duty positions available.

After exhausting his leave pay, claimant applied for unemployment compensation benefits, which were denied by the Bureau. Claimant appealed and after a hearing,[1] the referee affirmed the Bureau. The Board affirmed the referee's decision, and claimant appealed to this Court.

The referee and the Board found that because claimant was on leave without pay, he was not unemployed within the meaning of Section 401 of the Law, 43 P.S. §801, as defined by Section 4(u) of the Law, 43 P.S. §753(u). We disagree.

Section 401 simply requires that claimant be unemployed in order to collect compensation. Section 4(u) defines the term "unemployed": "An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him. . . ."

The Board argues that our decision in *Unemployment Compensation Board of Review v. Buss,* 26 Pa. Commonwealth Ct. 160, 362 A.2d 1113 (1976) should

---

[1] The employer offered no testimony at the hearing, and in fact was not even represented, although the referee stated on the record that the employer had been notified of the time and place of the hearing. The only testimony presented at the hearing was that of claimant.

control the present case. In *Buss,* we denied benefits because the claimant there chose not to accept annual and/or sick leave pay to which he was entitled. We held that the leave pay constituted remuneration payable to Buss, rendering him not unemployed as defined by Section 4(u) of the Law. For that reason, he was ineligible for benefits. In the present case, however, claimant applied for benefits only after the expiration of his leave pay entitlement.

From the testimony of claimant alone, the referee made the following finding:

5. The claimant is eligible to take an optional retirement and receive $202 per month benefits; however, he refused this to remain on leave without pay status until January, 1977 because he may be eligible for a larger pension benefit per month.

The Board argues that it is "remuneration" to remain on unpaid leave in order to increase future pension benefits. The weakness of that argument is apparent. Actual receipt of pension benefits is not remuneration. *Gianfelice Unemployment Compensation Case,* 396 Pa. 545, 153 A.2d 906 (1959); *Buss, supra.* Therefore, the prospect of greater future pension benefits cannot constitute remuneration, particularly when no current payments are being received.

Finally, the Board raises the question of claimant's availability for suitable work. In *Tokar v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 241, 385 A.2d 634 (1978), we granted benefits to a claimant on a leave of absence. The Board in *Tokar* had denied the claimant benefits under Section 401(d) of the Law, 43 P.S. §801(d) unavailability for suitable work.

In *Tokar,* the claimant's employer told her that she would either have to take an indefinite leave of absence or resign. The claimant chose the leave of ab-

sence. We refused to hold that a claimant on a leave
of absence is unavailable for suitable work as a matter of law. We decline to change that position here.
Because the claimant's leave of absence in *Tokar* was
indefinite, and her prospects for returning to her former employment in the near future appeared slim,
and, additionally, because it was not unreasonable to
expect that the claimant could secure some type of
employment, we remanded the case to the Board to
determine whether claimant was available for suitable
work as a factual matter.

Here neither the referee nor the Board have made
any finding on claimant's availability. Thereon we
will remand the present case to the Board for that
purpose.

We offer some points for the Board's consideration upon remand.

First, notwithstanding the fact that claimant ceased
active work for health reasons, he may still be available for suitable work. *Tokar, supra.* If the claimant is able to do some kind of work and there is a reasonable opportunity for securing such work in the vicinity in which he lives, then claimant would still be
eligible for benefits. That is a factual determination
for the Board. *Unemployment Compensation Board
of Review v. Patsy*, 21 Pa. Commonwealth Ct. 341, 345
A.2d 785 (1975).

Secondly, limiting one's availability to temporary,
as opposed to permanent, employment does not automatically disqualify a claimant from receiving benefits. *Tokar, supra,* at 247-48, 385 A.2d at 637. Moreover, although in *Tokar* we said that the fact that
claimant took a leave of absence indicated her intention to return, such is not necessarily the case here.
Accepting the referee's finding that claimant would
be eligible for extra medical benefits in January, 1977
if he remained on the employer's books until then,

claimant does not have the same present intention to return to his employment that Tokar did, because those increased benefits are apparently his only reason for remaining on leave status. Because claimant's doctor has recommended light work, and this employer has none available for claimant, it is even more clear that claimant has no present intention to return to his former employment.

We reverse the decision of the Board and remand this case for findings and a determination consistent with this opinion.

ORDER

AND Now, this 7th day of May, 1979, the order of the Unemployment Compensation Board of Review, decision No. B-138900, dated December 29, 1976, is reversed and the case is remanded to the Board for further proceedings consistent with this Court's opinion, to make a finding whether claimant Nicholaus Cervenak was "able to work and available for suitable work," pursuant to Section 401(d) of the Unemployment Compensation Law, 43 P.S. §801(d) ; and the Board, if it finds that claimant was able to work and available for suitable work, shall compute the compensation to be paid to claimant.