Leo Cicco, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

310

Argued May 6, 1981, before Judges CRAIG, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*Catherine T. Martin,* for petitioner.

*John T. Kupchinsky,* Associate Counsel, with him *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, August 3, 1981:

Leo Cicco, Jr. (Claimant) was last employed by Audio Innovators (Employer) as a sales representative on a commission against draw of $288 bi-weekly. Claimant's last day of work was July 5, 1979; but he only worked about one and one-half hours on that date because he had a doctor's appointment at about 10:30 a.m. The doctor decided that Claimant should be hospitalized immediately due to his current physical condition. Claimant had been suffering from rheumatoid arthritis and, since October 1978, an ulcer. Claimant was hospitalized until July 13, 1979.

Between July 23 and July 27, 1979, Claimant reported to work each day, in order to clear up the work that was pending prior to his hospitalization. Claimant stated to Employer on July 23, 1979, that he was quitting on the advice of his doctor. His doctor told him to look for other work in which he would not have stress and strain to aggravate his condition. Claimant did not present any medical certification to Employer nor did he request a leave of absence. Claimant did not respond to Employer's suggestion that when he was able to return to work perhaps something could be worked out such as telephone soliciting work.

On the basis of these facts, the Unemployment Compensation Board of Review (Board) determined initially that Claimant was eligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, 43 P.S. §802(b)(1),[1] because Claimant voluntarily terminated his employment due to his health condition and upon his doctor's advice, which constituted cause of a necessitous and compelling nature.

Secondly, however, the Board determined that Claimant was rendered ineligible for benefits by Section 401(d) of the Law, 43 P.S. §801(d),[2] which requires that in order to be eligible for compensation an employee must be "able to work and available for suitable work." In its discussion, the Board stated in regard to the Section 401(d) issue:

The claimant's physician has certified that he was unable to accept gainful employment as of July 8, 1979, and will be unable to do so for an indeterminate period of time. Therefore, the

---

[1] Now Section 402(b), 43 P.S. §802(b), by the Act of July 10, 1980, P.L. 521.

[2] Now Section 401(d)(1), 43 P.S. §801(d), by the Act of July 10, 1980, P.L. 521.

Board cannot hold that the claimant is able and available for work.

The Board therefore denied Claimant benefits.

The Claimant appeals to this Court from the Board's order, which affirmed the referee's decision as modified, adopting her order as its own, as follows:

The determination of the Bureau is affirmed. Benefits are denied for compensable weeks ending July 14, 1979; July 21, 1979 and claimant is ineligible during period from July 22, 1979 to indefinite.

Obviously Claimant has no dispute with the Board's determination of his eligibility for compensation under Section 402(b)(1) of the Law. Claimant does take issue with the Board's determination that he is not able and available for work. Section 401(d) of the Law.

The burden is on Claimant to prove availability. *Unemployment Compensation Board of Review v. Patsy,* 21 Pa. Commonwealth Ct. 341, 345 A.2d 785 (1975). Even though Claimant has ceased his work as a sales representative for health reasons, he may still be available for other suitable work. If he is able to do some kind of work and there is a reasonable opportunity for securing such work in the vicinity in which he lives, then Claimant would still be eligible for benefits. *Cervenak v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 453, 400 A.2d 1356 (1979). It is well-settled that the determination of availability is largely a question of fact for the Board. *Dorsey v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 479, 399 A.2d 809 (1979).

Before this Court Claimant raises three issues in regard to the Board's factual determination of his unavailability. First, Claimant alleges that the Board's ten findings of fact pertain only to the Section 402

(b)(1) issue and do not support a conclusion of Claimant's unavailability for work under Section 401(d) of the Law.

It is true that the Board's findings of fact must include all findings which are necessary to resolve the issues raised by the evidence and which are relevant to a decision. *Kostek v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 271, 392 A.2d 909 (1978). There really is no debate that the Board's conclusion that Claimant was not able to or available for work during the compensable weeks ending July 14 and July 21, 1979 is not supported in the Board's findings. According to the Board's findings, Claimant was hospitalized until July 13. He presumably needed time to recuperate as the Board found he did not attempt to clear up his work until July 23, 1979.

We believe that the Board, in its discussion, moreover resolved the issue of Claimant's availability for the entire period at issue. By stating that it relied on the doctor's certification dated August 3, 1979 that Claimant was unable to accept any gainful employment as of July 8, 1979, for an indeterminate period of time, the Board indicated the basis for its determination of Claimant's unavailability for work during the entire period. The Board's findings and statements in its discussion were sufficient to permit meaningful judicial review of the issue of Claimant's availability for gainful employment.[3]

Secondly, Claimant argues that in resolving the factual issue of Claimant's availability, the Board capriciously disregarded the competent testimony of Claimant and his witness Vincent Engel, a placement

---

[3] Since the Board held that Claimant was not able to accept any gainful employment, an inquiry and findings as to suitable types of jobs available to the Claimant in his locality were unnecessary.

specialist with the Bureau of Vocational Rehabilitation, Department of Labor and Industry, that Claimant was available for suitable work. Although our scope of review is limited to a determination of whether or not the Board's findings of fact are consistent with its conclusions of law, where the Board capriciously disregards competent evidence we must reverse. *Goodwin v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 285, 378 A.2d 1308 (1977).

Claimant does not argue that the Board's denial of benefits for the compensable weeks ending July 14 and July 21, 1979 manifests a capricious disregard of the above evidence. On the contrary, Claimant, both before the referee and in his brief, states that as of *August 1, 1979,* he considered himself able to perform and available for suitable work. Thus with no hesitation we affirm the Board's denial for the weeks ending July 14 and July 21, 1979. Through July 31, 1979, the Board's denial is just as clearly supported by Claimant's uncontradicted statements.

Although only Claimant offered evidence at the referee's hearing, some of his evidence indicated he was able and available to work as of August 1, 1979, and the remaining evidence indicated otherwise. In making its decision, the Board chose to rely on the statements of Claimant's physician Dr. Fisher made in the August 3, 1979 certification,[4] rather than the testimony of Claimant and Mr. Engel at hearing. The Board was not capriciously disregarding evidence, but

---

[4] On the certification form, Dr. Fisher answered, "No," to the question "Do you consider the claimant able to accept gainful employment as of 7-8-79?" She further commented on the form:

This patient is recovering from a rather severe disease called Rheumatoid vasculitis and also has an active peptic ulcer. We will have to wait a few months until he recovers to consider work type.

merely was resolving the conflicts presented by Claimant's evidence in Employer's favor, when it held Claimant not able to work nor was he available for suitable work. Determining the weight and credibility to be accorded the evidence was clearly within the province of the Board as ultimate fact-finder. *Koba v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 264, 370 A.2d 815 (1977).

Contrary to Claimant's third argument, the doctor's certification does constitute *competent* evidence which alone can support the Board's conclusion of Claimant's unavailability (beyond July 31, 1979). In *Dorsey v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 479, 399 A.2d 809 (1979), this Court addressed the identical issue of whether a physician's written report of a claimant's medical inability to work may constitute evidence to support a finding of the Board. The Court therein concluded that "the physician's statement, although hearsay as such, was admissible under the recognized rule of representative admissions." *Id.* at 482, 399 A.2d at 810. In *Dorsey,* the Court stated that since the claimant was given a full opportunity to detail the facts surrounding the submission and preparation of the physician's report, it could conclude that the doctor's certification form was properly admitted and could constitute competent evidence to support the Board's finding. Claimant here was given the same opportunity; thus we hold that Dr. Fisher's certificate in the instant case likewise is admissible evidence competent to support the determination that Claimant was not able and available to work after July 31, 1979, as well as during the entire period at issue.

Because the Board found on the record that Claimant was not physically capable of engaging in gainful employment, and in holding so did not capriciously disregard competent evidence but relied on substantial

competent evidence, we affirm the Board's denial of benefits for unavailability.

There is, however, one aspect of the referee's order as affirmed by the Board which we feel compelled to address. As we have noted, the order denies benefits to the Claimant for two specific weeks (July 14 and July 21, 1979), but it also declares that the Claimant is ineligible during the period from July 22, 1979 "to indefinite." In our opinion we have held that Claimant certainly was unavailable for work during the weeks ending July 14, and July 21 because his own testimony was that he was physically unable to perform his work. Moreover, he had neither quit nor had he been discharged from his employment.

The Board found that on July 23, Claimant notified his Employer that he intended to quit for health reasons and in fact he did not work after July 27. Again, this finding was based upon the Claimant's own testimony. Accordingly, Claimant was not eligible for the week beginning July 22 because again he was in fact working.

The period after July 27 is the problem area. We have agreed with the Board that Claimant did not prove availability for suitable work at the hearing. Nevertheless, that does not mean that at no time in the future will Claimant be available for such work. The order entered by the referee would seem to preclude the Claimant from ever proving that he is available and our Court has held that Section 509 of the Law, 43 P.S. §829, does bar a claimant from collateral attack upon a final unappealed order of the Board. *Unemployment Compensation Board of Review v. Ferraro*, 22 Pa. Commonwealth Ct. 304, 348 A.2d 753 (1975). We feel that this would be an unjust result.

Accordingly, we will modify the referee's order as affirmed by the Board to indicate clearly that when and if Claimant is able to establish his availability for

suitable work he shall not be precluded by this decision from doing so.

ORDER

AND Now, this 3rd day of August, 1981, the order of the Unemployment Compensation Board of Review, dated January 4, 1980, is affirmed insofar as it denies benefits to Leo Cicco, Jr. for the weeks ending July 14 and July 21, 1979, but that part of the order which finds Leo Cicco, Jr. ineligible "from July 22, 1979 to indefinite" is vacated and the order is modified to provide that Leo Cicco, Jr. shall be ineligible for unemployment compensation benefits from July 22, 1979, for so long as the findings here established continue to reflect Claimant's actual condition and until such time as Claimant can prove that he is able and available to perform suitable work.