# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John E. Narducci,             :
                          :
           Petitioner     :
                          :
          v.              :    No. 104 C.D. 2015
                          :
Unemployment Compensation    :    Submitted: August 7, 2015
Board of Review,              :
                          :
          Respondent   :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**            **FILED: November 4, 2015**

John E. Narducci (Claimant) petitions for review of an Order of the Unemployment Compensation (UC) Board of Review (Board) affirming a UC Referee's (Referee) Decision finding Claimant ineligible for benefits pursuant to Section 402(e) of the UC Law (Law),[1] assessing fault overpayment liability under

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802(e). Section 402(e) of the Law provides: "an employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work." 43 P.S. § 802(e).

Section 804(a) of the Law[2] for compensable weeks October 26, 2013 through April 19, 2014, and imposing penalties pursuant to Section 801(b) and 801(c) of the Law.[3] On appeal, Claimant argues that the Board did not have the authority to re-open his UC claim months after he was awarded UC benefits because PECO (Employer) did not timely appeal the receipt of benefits. Because the Board did not make findings necessary for our appellate review of the issues raised in this

---

[2] Section 804(a) provides, in relevant part:

> Any person who by reason of his fault has received any sum as compensation under this act to which he was not entitled, shall be liable to repay to the Unemployment Compensation Fund to the credit of the Compensation Account a sum equal to the amount so received by him and interest at the rate determined by the Secretary of Revenue.

43 P.S. § 874(a).

[3] Section 801(b) states, in relevant part:

> Whoever makes a false statement knowing it to be false, or knowingly fails to disclose a material fact to obtain or increase any compensation or other payment under this act . . . may be disqualified in addition to such week or weeks of improper payments for a penalty period of two weeks and for not more than one additional week for each such week of improper payment.

43 P.S. § 871(b). According to Section 801(c):

> Whoever makes a false statement knowing it to be false, or knowingly fails to disclose a material fact to obtain or increase compensation or other payment under this act . . . and as a result receives compensation to which he is not entitled shall be liable to pay to the Unemployment Compensation Fund a sum equal to fifteen per centum (15%) of the amount of the compensation.

43 P.S. § 871(c).

matter, we are constrained to vacate the Board's Order and remand this matter for further proceedings in accordance with this opinion.

Claimant was employed as a full-time service distribution mechanic for Employer from June 10, 2002 to September 13, 2013. (Referee Decision, Findings of Fact (FOF) ¶ 1.) Claimant was suspended pending an investigation on September 13, 2013. (FOF ¶ 3.) Claimant admitted, when questioned by Employer, that he threw a hand soap bottle at a coworker. (FOF ¶ 5.) Employer discharged Claimant by letter dated October 14, 2013 for his "violation of safety rules and [his] actions that were threatening, intimidating, and physically aggressive." (FOF ¶ 6; Discharge Letter, October 14, 2013, R.R. at 1a.) Claimant's discharge was effective October 11, 2013. (Discharge Letter, October 14, 2013, R.R. at 1a.) Claimant filed an internet claim for UC benefits on October 13, 2013 indicating that he was laid off by Employer. (Hr'g Tr. at 19, 22, R.R. 34a, 37a.)

Thereafter, Claimant began receiving UC benefits beginning with the compensable week of October 26, 2013. (Claim Record, R. Item 1.) However, the certified record does not contain a Notice of Determination regarding Claimant's eligibility for UC benefits. On November 5, 2013, Employer sent a letter to the Department of Labor and Industry's (Department) "Employer's Charge Section Office" stating that the letter was "in response to form UC 44FR, Request for Relief from Charges, dated October 21, 2013 with an application date of October 13, 2013." (Employer Separation Information, Dated 8/12/2014 (Separation Information), Letter from Employer to Department, November 5, 2013, R. Item 3.)

Therein, Employer requested "relief of benefit charges and/or a determination on [C]laimant's eligibility" because "[C]laimant was discharged for unacceptable and improper conduct."[4] (Separation Information, Letter from Employer to Department, November 5, 2013.)

On July 30, 2014, Employer sent a letter to the Allentown UC Service Center (Service Center), wherein Employer references "UC-640, Monthly Notice of Compensation Charged" notifying Employer of benefit charges to Employer's account, and requested an investigation into Claimant's claim for UC benefits. (Separation Information, Letter from Employer to Service Center, July 30, 2014, R. Item 3.) In addition, Employer directs the Service Center to Employer's November 5, 2013 correspondence protesting Claimant's claim and states that "no determination/decision has been issued to the protested claim on the separation issue. . . Please issue a credit adjustment if you determine an error has occurred." (Separation Information, Letter from Employer to UC Service Center, July 30, 2014.)

On August 6, 2014, the Service Center sent Claimant a letter regarding his application for UC benefits and requested information pertaining to Claimant's separation from employment in order to determine his eligibility for benefits.

---

[4] Pursuant to Section 302.1 of the Law, added by Section 3 of the Act of June 17, 2011, P.L. 16, as amended, 43 P.S. § 782.1, an employer assigned to pay compensation to an employee may, upon request from the Department, obtain relief from charges for compensation under limited circumstances. "Under Pennsylvania law, an Employer seeking relief from charges is requesting a tax exemption." First National Bank of Bath v. Unemployment Compensation Board of Review, 619 A.2d 801, 803 (Pa. Cmwlth. 1992).

(Request for Claimant Separation Information (No Response), R. Item 2.) The record does not contain any response from Claimant to the Service Center's request for information. The Service Center also sent Employer a letter requesting information pertaining to Claimant's separation from employment, to which Employer responded that Claimant had been discharged for violating certain standards of conduct. (Separation Information, Letter from Service Center to Employer, August 6, 2014; Employer's Response.)

Based on the information received from Employer, the Service Center issued three notices. First, on August 21, 2014, the Service Center issued a Notice of Determination finding Claimant ineligible for benefits under Section 402(e) of the Law beginning with the waiting week ending October 19, 2013. (Notice of Determination, R.R. at 2a.) Second, on August 21, 2014, the Service Center determined that Claimant had received $14,768 in UC benefits to which he was not entitled and issued a "Notice of Determination Overpayment of Benefit (Fault or NonFault)" (Notice of Overpayment). (Notice of Overpayment, R.R. at 9a.) Third, on August 20, 2014, the Service Center issued a determination penalizing Claimant for twenty-eight weeks of UC benefits and determined that Claimant was "liable to pay a penalty of $2,215.20, [fifteen percent] of the amount of the overpaid benefits [Claimant] received." (Notice of Determination 15% Penalty, R.R. at 7a.)

Claimant appealed the determinations. In the Petition for Appeal Claimant, *inter alia*, challenged the timing of the August 21, 2014 Notice of Determination finding Claimant ineligible for UC benefits pursuant to Section 402(e) of the Law.

5

(Claimant's Petition for Appeal from Determination w/Attachments, Dated 9/5/2014 (Petition for Appeal), R.R. at 12a-14a.) Claimant pointed out that he was found eligible for UC benefits in October 2013 and that neither Employer nor the Department challenged his eligibility at that time. (Petition for Appeal, R.R. at 14a.)

A hearing was held before the Referee. Claimant testified on his own behalf and Employer presented the testimonies of its Human Resources Manager and Manager of Corporate Security. The hearing began with Claimant's counsel raising his concern that the Service Center's determination of ineligibility was untimely and violated Claimant's rights. (Hr'g Tr. at 1, R.R. at 16a.) In his testimony Claimant admitted that, in September 2013, he "side-armed" a hand soap container at a coworker in response to the coworker touching upon a sensitive subject and that Claimant had warned the coworker against mentioning the subject on numerous occasions. (Hr'g Tr. at 19, R.R. at 34a.) Claimant further testified that he did not think he was fired from his position when Employer suspended him on September 13, 2013. (Hr'g Tr. at 20, R.R. at 35a.) After almost thirty days on suspension, Claimant sought the advice of an attorney who told Claimant that, in the attorney's opinion, Claimant had been laid off. (Hr'g Tr. at 22, R.R. at 37a.) Claimant subsequently filed for UC benefits on October 11 or 13, 2013 indicating that he was laid off by Employer. (Hr'g Tr. at 19, 22, R.R. at 34a, 37a.) Claimant then received a letter dated October 14, 2013, postmarked October 15, 2013, stating that his "employment is being terminated effective October 11, 2013 based on [Claimant's] violation of safety rules and [his] actions that were threatening, intimidating, and physically aggressive." (Hr'g Tr. at 20-21, R.R. at 35a-36a;

6

Discharge Letter, R.R. at 1a.) Claimant testified that he took no action upon receiving the discharge letter to alert the Service Center as to the reasons for his termination. (Hr'g Tr. at 22, R.R. at 37a.)

Based on the evidence presented, the Referee made the following findings of fact:

1. The claimant was employed full-time as a service distribution mechanic, earning $41.83 an hour. The claimant was employed from June 10, 2002 to September 13, 2013, his last day of work.
2. During the claimant's employment, the employer received a report that the claimant had engaged in workplace violence.
3. On September 13, 2013, the employer suspended the claimant pending investigation.
4. On September 16, 2013, the employer began an investigation.
5. When questioned, the claimant admitted to throwing a hand soap bottle at a coworker.
6. On October 14, 2013, the employer discharged claimant by letter due to the incident.

(FOF ¶¶ 1-6.) The Referee concluded that: (1) Employer "has shown [C]laimant was discharged for willful misconduct in accordance with the law;" (2) "[C]laimant provided false and misleading information in order to receive benefits, and is therefore at fault for the overpayment that accrued due to his receiving benefits;" and (3) Claimant should be penalized fifteen percent of the amount overpaid. (Referee Decision at 2.) Accordingly, the Referee affirmed the Service Center's determinations. The Referee did not address Claimant's contention that Employer's challenge to his eligibility to receive UC benefits was untimely. Claimant appealed the Referee's Decision to the Board. Upon review, the Board

7

adopted the Referee's findings of fact and conclusions of law and affirmed the Referee's Decision. (Board Order.) Claimant now petitions this Court for review.[5]

On appeal to this Court, Claimant first argues that the Board did not have the authority to re-open his UC claim in 2014 after a final determination of his eligibility was made in October 2013. Claimant contends that Employer must file a timely appeal with the Board to challenge the Service Center's eligibility determination. Claimant argues that, because he was determined to be eligible for benefits in October 2013 and Employer did not raise the issue with the Service Center until July 30, 2014, Employer should be estopped from challenging his eligibility.

The Board argues that the determinations before it for adjudication were the Service Center's determinations issued in August 2014, from which Claimant filed an appeal. Further, the Board notes in its brief on appeal to this Court that the Service Center never issued a determination in 2013 concerning Claimant's eligibility for benefits based on Claimant's separation from Employer and, as such, there was nothing Employer could appeal.

Section 501(a) of the Law provides that, upon receiving an application for UC benefits, the Department must

---

[5] This Court's scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of facts are supported by substantial evidence. Johns v. Unemployment Compensation Board of Review, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth.), petition for allowance of appeal denied, 97 A.3d 746 (Pa. 2014).

promptly examine each application for benefits and on the basis of the facts found by it shall determine whether or not the application is valid. **Notice shall be given by the department in writing to the claimant and each base-year employer of the claimant, stating whether or not the claimant is eligible** under section four hundred and one (a),[6] and, if declared eligible thereunder, the weekly benefit rate and the maximum amount of compensation payable. . .

43 P.S. § 821(a) (emphasis added). Notice that an application for UC benefits has been filed must also be given to the claimant's last employer. Section 501(b) of the Law, 43 P.S. § 821(b). Under Section 501(c)(1) of the Law, the Department is required to "promptly examine each claim . . . for compensation and on the basis of the facts found by it shall determine whether or not the claim is valid." 43 P.S. § 821(c)(1). The Department is required to provide notice to the claimant if his or her claim is determined to be invalid and to provide notice to the employer if the employer provided information in writing to the Department raising a question regarding the claimant's eligibility for any reason other than his or her failure to comply with Section 401(a) of the Law. Section 501(c)(2), (3) of the Law, 43 P.S. § 821(c)(2), (3). Pursuant to Section 501(e), an employer or a claimant may appeal the initial notice of determination regarding the claimant's eligibility for UC benefits within fifteen days of receiving the notice from the Department. 43 P.S. § 821(e).[7] Should the Department issue a revised notice of determination without an

---

[6] 43 P.S. § 801(a). Section 401(a) of the Law provides that "[c]ompensation shall be payable to any employe who is or becomes unemployed, and who . . . [h]as, within his base year, been paid wages for employment as required by" the Law. Id.

[7] Section 501(e) of the Law provides:

Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and

*(Continued…)*

appeal being taken, such revision must occur within the fifteen day appeal period. Garza v. Unemployment Compensation Board of Review, 669 A.2d 445, 447 (Pa. Cmwlth. 1995). Section 509 of the Law provides that "[a]ny decision made by the department or any referee or the board shall not be subject to collateral attack as to any application claim or claims covered thereby or otherwise be disturbed, unless appealed from." 43 P.S. § 829. Thus, if no revision occurs and no appeals are taken within fifteen days of the determination of eligibility, "the determination becomes final and the Board loses jurisdiction to consider the matter." Pennsylvania Turnpike Commission v. Unemployment Compensation Board of Review, 991 A.2d 971, 974 (Pa. Cmwlth. 2009).

Here, the record shows that Claimant applied for UC benefits on October 13, 2013 and began receiving benefits as of October 26, 2013. However, Claimant's application for benefits is not in the record. In addition, there is no indication in the record whether Employer received notice that an application had been filed by Claimant, as required by Section 501 of the Law, or a notice that the Service Center determined Claimant eligible for benefits in October 2013. We note that the Board contends in its brief that the Service Center made its first determination on Claimant's eligibility on August 21, 2014. However, neither the Referee nor the Board made findings of fact and conclusions of law with regard to the Service

> (d), **within fifteen calendar days** after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. § 821(e) (emphasis added).

Center determination dates, whether there was in fact a final determination of Claimant's eligibility made in October 2013 as argued by Claimant and, if so, on what basis that determination could be reopened. It is well-settled that we may not infer findings of fact not made by the Board and not supported by the evidence. Tundel v. Unemployment Compensation Board of Review, 404 A.2d 434, 435 (Pa. Cmwlth. 1979). As such, we cannot find, given the lack of documentation in the certified record, whether the Board's assertion is correct that a determination regarding Claimant's eligibility was not issued until August 21, 2014.

This hole in the factual record is crucial for appellate review of whether the Board had jurisdiction to issue the August 21, 2014 determination that Claimant was ineligible for benefits. If the Board is correct that no Notice of Determination was issued in response to Claimant's application for benefits in October 2013, Employer would have had no determination from which to appeal until the Service Center issued its August 21, 2014 determination. Conversely, if a Notice of Determination was issued in October 2013 or shortly thereafter, the appeal period would have long since passed and the Board would have lacked subject matter jurisdiction over Claimant's eligibility for UC benefits.

The Board is "required to make findings which are '. . . necessary to resolve the issues raised by the evidence and which are relevant to a decision.'" Harris v. Unemployment Compensation Board of Review, 473 A.2d 251, 252 (Pa. Cmwlth. 1984) (quoting Cicco v. Unemployment Compensation Board of Review, 432 A.2d 1162, 1164 (Pa. Cmwlth. 1981) (emphasis omitted)). When the Board's findings

are inadequate for purposes of appellate review, this Court must remand the matter to the Board. Id.

Because the Board did not make findings necessary for our review of the matters on appeal, we vacate the Board's Order and remand this matter for further proceedings consistent with this opinion.

_____
**RENÉE COHN JUBELIRER, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John E. Narducci,            :
                             :
             Petitioner      :
                             :
              v.               :    No. 104 C.D. 2015
                             :
Unemployment Compensation    :
Board of Review,             :
                             :
           Respondent    :

## O R D E R

**NOW**, November 4, 2015, the Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is hereby **VACATED** and this matter is **REMANDED** for proceedings consistent with this opinion.

Jurisdiction relinquished.

_____
**RENÉE COHN JUBELIRER, Judge**